


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID RAJAMIN et al.,

Plaintiffs,

-v-

No. 10 Civ. 7531 (LTS)

DEUTSCHE BANK NATIONAL TRUST COMPANY et al.,

Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Plaintiffs David Rajamin, Edith Larios, Jesus Valdez, Maurice Nunez, Elias Estrada, Irma Estrada, Robert Basel, Theresa Doty and Larry Myron Kegel (collectively, "Plaintiffs") bring this putative class action, asserting claims for unjust enrichment and money had and received, against Defendants Deutsche Bank National Trust Company ("Deutsche" or "Trustee"), FFMLT TRUST 2005-FF8 ("2005-FF8 Trust"), FFMLT TRUST 2006-FF3 ("2006-FF3 Trust"); FFMLT Trust 2006-FF11 ("2006-FF11 Trust"), and FFMLT Trust 2006-FF13 ("2006-FF13 Trust") (collectively, "Defendants"). Specifically, Plaintiffs seek a declaration that Defendants do not own, and are therefore not entitled to receive payments upon, Plaintiffs' mortgage loans. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1332 and 1367(a). Before the Court is Defendants' motion to dismiss Plaintiffs' Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed thoroughly all of the parties' arguments and submissions and, for the following reasons, Defendants' motion is denied.

BACKGROUND

Unless otherwise indicated, the following facts are taken from the Third Amended Complaint ("TAC") and accepted as true for purposes of this motion practice. Between November 2, 2005, and July 19, 2006, Plaintiffs David Rajamin, Edith Larios, Jesus Valdez, Maurice Nunez, Elias Estrada, Irma Estrada, Robert Basel, Theresa Doty and Larry Myron Kegel borrowed various sums of money (ranging between $240,000 and $1,008,000) from First Franklin ("First Franklin"), a division of National City Bank of Indiana. (TAC ¶¶ 1-8.) All lead Plaintiffs reside in Los Angeles, California (TAC ¶ 1) and seek relief on their own behalf and on behalf of a nationwide class of similarly situated individuals. (TAC ¶ 9.) Defendant Deutsche is a national banking association. (TAC ¶ 10.) Deutsche is the trustee of the 2005-FF8 Trust, the 2006-FF3 TRUST, the 2006-FF11 TRUST, and the 2006-FF13 Trust (collectively, "Defendant Trusts"), four trusts created under the laws of the State of New York. (TAC ¶¶ 12-13.)

While there are nine named Plaintiffs, their loans relate to only seven properties, and are documented by seven Notes and seven Deeds of Trust.[1] (See TAC Exhs. A-G; see also Affidavit of Ronaldo Reyes in Support of Defendants' Motion to Dismiss, Exhs. 1-10, Feb. 2, 2011, ECF No. 21) (hereinafter "Reyes Aff."); Affirmation of Michael S. Kraut in Support of Defendants' Motion to Dismiss, Exhs. 1-4, Feb. 1, 2011, ECF No. 22) (hereinafter "Kraut Aff.") The Notes provide that the borrower will repay the borrowed amount plus interest at an adjustable rate to the order of Lender, which is listed as First Franklin. (See, e.g., TAC, Exh. A, "Adjustable Rate Note" at 1.) First Franklin could transfer the Notes, which provided that anyone who took the Notes by transfer and was entitled to receive payment under the Notes

[1] Paragraphs 5 and 7 of the TAC indicate that Plaintiffs Elias Estrada and Irma Estrada and Robert Basel and Theresa Doty obtained their mortgages as spouses.

would be considered a Note Holder. (See, e.g., id.) The Notes were secured by Deeds of Trust (DOTs), executed on the same day, that would protect the Note Holder from possible losses that might result if Plaintiffs were unable to repay their loans. (See, e.g., id. at 3.) The DOTs identify the Plaintiffs as Borrowers and First Franklin as the Lender, and explain that each DOT evidences Plaintiffs' loans from First Franklin. (See, e.g., TAC, Exh. E, at pp. 3-4 of 19.) The DOTs further provide that "[t]he Note, or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." (See, e.g., id. at p. 11 of 19, ¶ 20.) None of the DOTs identify Defendants as the "Trustee." (TAC ¶ 27.) The TAC contains no allegations as to who currently possesses the Notes and DOTs.

## DISCUSSION

When deciding a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). While detailed factual allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings consisting only of "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted).

In determining a Rule 12(b)(6) motion to dismiss, the Court may consider the

complaint, any exhibit attached to the complaint, materials incorporated in the complaint by reference, and documents that, "although not incorporated by reference, are 'integral' to the complaint." Schwartzbaum v. Emigrant Mortgage Co., No. 09 Civ. 3848, 2010 WL 2484116, at *3 (S.D.N.Y. June 16, 2010). A document is integral to the complaint if the complaint "relies heavily upon its terms and effect." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotations omitted).

"In a mortgage securitization, mortgage lenders - also known as originators - sell mortgages to third-party financial institutions. The financial institutions then securitize the mortgages by pooling them together, depositing them in a trust, and selling interests in the trust to investors in the form of mortgage backed securities." In re Morgan Stanley Mortgage Pass-Through Certificates Litig., No. 09 Civ. 2137, 2010 WL 3239430, at *2 (S.D.N.Y. Aug. 17, 2010). This method of conveying mortgage loans is a common industry practice. See, e.g., Trust for the Certificate Holders of the Merrill Lunch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1999-C1 v. Love Funding Corp., 556 F.3d 100, 104-06 (2d Cir. 2009). Typically, at the close of such transactions, the Trustee becomes the legal owner and holder of the relevant Notes and DOTs for the benefit of the Trust's certificateholders. Plaintiffs do not dispute the general validity of this method of conveying mortgage loans but allege that, in the instant case, several irregularities in the conveyance process prevent Deutsche, as Trustee, from being the legal owner and holder of Plaintiffs' Notes and DOTs. Plaintiffs allege that, because Defendants do not own the Notes and DOTs, they are not entitled to collect and receive Plaintiffs' payments.

The crux of Defendants' motion to dismiss is that Deutsche as Trustee possesses Plaintiffs' original Notes and original DOTs and that the Notes are endorsed in blank. Thus,

Defendants argue, under both California and New York law, Deutsche is the "holder" of the Notes and DOTs, and is entitled to enforce both, regardless of any "irregularities" in how the Notes and DOTs were conveyed. On a Rule 12(b)(6) motion to dismiss, however, the Court may not consider materials beyond the scope of the complaint. The TAC never addresses who is actually in possession of Plaintiffs' Notes and DOTs, skirting the issue so completely that Deutsche's factual proffers that *it* possesses the Notes and DOTs cannot be considered integral to the complaint. Consequently, arguments as to who possesses Plaintiffs' Notes and DOTs are not properly considered in the instant motion practice, regardless of their merit. Because Defendants' motion is almost entirely premised on such arguments, their motion to dismiss the TAC is denied, without prejudice to future summary judgment motion practice.

CONCLUSION

For the foregoing reasons, Defendants' motion is denied. This resolves docket entry no. 29.

Dated: New York, New York
March 28, 2012

LAURA TAYLOR SWAIN
United States District Judge