UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID RAJAMIN, et al.,

      Plaintiffs,

 -v-                                       No. 10 Civ. 7531 (LTS)

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

      Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

      Nine plaintiffs -- David Rajamin, Edith Larios, Jesus Valdez, Maurice Nunez, Elias Estrada, Irma Estrada, Robert Basel, Theresa Doty and Larry Myron Kegel (collectively, "Plaintiffs") -- bring this putative class action, asserting claims for unjust enrichment and money had and received against Defendants Deutsche Bank National Trust Company ("Deutsche" or "Trustee"), FFMLT TRUST 2005-FF8 ("2005-FF8 Trust"), FFMLT TRUST 2006-FF3 ("2006-FF3 Trust"); FFMLT Trust 2006-FF11 ("2006-FF11 Trust"), and FFMLT Trust 2006-FF13 ("2006-FF13 Trust") (collectively, "Defendants")  Specifically, Plaintiffs seek a declaration that Defendants do not own, and are therefore not entitled to receive payments upon, Plaintiffs' mortgage loans, and that Defendants have no right to foreclose upon Plaintiffs' real property. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1332 and 1367(a).

      On March 28, 2012, the Court issued an opinion and order denying Defendants' motion to dismiss Plaintiffs' Third Amended Complaint (the "Opinion"). Now before the Court is Defendants' motion for reconsideration of that Opinion. Familiarity with the prior motion practice in this case is presumed. The Court has considered carefully all of the parties'

submissions, including a letter from Plaintiffs dated December 5, 2012, and a letter from Defendants dated December 13, 2012.  For the following reasons, Defendants' motion for reconsideration is granted.  The Court hereby dismisses Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### BACKGROUND

Unless otherwise indicated, the following facts are taken from the Third Amended Complaint ("TAC") and are accepted as true for purposes of this motion practice.  Between November 2, 2005 and July 19, 2006, lead Plaintiffs David Rajamin, Edith Larios, Jesus Valdez, Maurice Nunez, Elias Estrada, Irma Estrada, Robert Basel, Theresa Doty and Larry Myron Kegel borrowed various sums of money (ranging between $240,000 and $1,008,000) from First Franklin ("First Franklin"), a division of National City Bank of Indiana.  (TAC ¶¶ 1-8.)  All lead Plaintiffs reside in Los Angeles, California (TAC ¶ 1) and seek relief on their own behalf and on behalf of a nationwide class of similarly situated individuals.  (TAC ¶ 9.)  Defendant Deutsche Bank National Trust Company is a national banking association.  (TAC ¶ 10.)  Deutsche is the trustee of the 2005-FF8 Trust, the 2006-FF3 TRUST, the 2006-FF11 TRUST, and the 2006-FF13 Trust (collectively, "Defendant Trusts"), four trusts created under the laws of the State of New York.  (TAC ¶¶ 12-13.)

While there are nine named Plaintiffs, their loans relate to only seven properties, and are documented by seven Notes and seven Deeds of Trust.[1]  (See TAC Exhs. A-G; see also Affidavit of Ronaldo Reyes in Support of Defendants' Motion to Dismiss, Exhs. 1-10, Feb. 2,

---

[1]    Paragraphs 5 and 7 of the TAC indicate that Plaintiffs Elias Estrada and Irma Estrada and Robert Basel and Theresa Doty obtained their mortgages as spouses.

2011, ECF No. 21) (hereinafter "Reyes Aff."); Affirmation of Michael S. Kraut in Support of Defendants' Motion to Dismiss, Exhs. 1-4, Feb. 1, 2011, ECF No. 22) (hereinafter "Kraut Aff."). The Notes provide that the borrower will repay the borrowed amount plus interest at an adjustable rate to the order of Lender, which is identified as First Franklin. (See, e.g., TAC, Exh. A, "Adjustable Rate Note" at 1.) First Franklin could transfer the Notes, which provided that anyone who took the Notes by transfer and was entitled to receive payment under the Notes would be considered a Note Holder. (See, e.g., id.) The Notes were secured by Deeds of Trust ("DOTs"), executed on the same day, that would protect the Note Holder from possible losses that might result if Plaintiffs were unable to repay their loans. (See, e.g., id. at 3.) The DOTs identify the Plaintiffs as Borrowers and First Franklin as the Lender, and explain that each DOT evidences Plaintiffs' loans from First Franklin. (See, e.g., TAC, Exh. E, at pp. 3-4 of 19.) The DOTs further provide that "[t]he Note, or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." (See, e.g., id. at p. 11 of 19, ¶ 20.) None of the DOTs identify Defendants as the "Trustee." (TAC ¶ 27.)

Plaintiffs acknowledge that the defendant trusts "clai[m] to be the holder[s] and owner[s] of" Plaintiffs' relevant "loans and mortgage documents. (TAC ¶¶ 16 - 21.) The TAC, quoting from representations Defendants have made regarding their chain of title, asserts that Defendants do not own Plaintiffs' Notes or DOTs and, thus, are not entitled to collect Plaintiffs' mortgage loan payments. The TAC contains no allegations as to who, if not Defendants, *does* own the Notes and DOTs, or how, if, or to whom the Notes and DOTs were conveyed after their initial issuance by First Franklin. Nor does the TAC controvert the Defendants' claim of holder status. Instead, the TAC cites various provisions of the Pooling and Service Agreements

("PSAs") pursuant to which the loans were purportedly securitized, and asserts that several irregularities in the conveyance process prevent Deutsche, as Trustee, from being the legal owner of Plaintiffs' Notes and DOTs.  Plaintiffs allege that the Notes and DOTs are missing endorsements and assignments that were contractually required by the PSAs, and that, accordingly, the purported assignments from First Franklin to Deutsche Bank are flawed.  (TAC ¶¶ 38 - 48.)  Additionally, Plaintiffs allege that publicly filed documents indicate that First Franklin assigned the DOTs and Notes of five named Plaintiffs to Deutsche as Trustee, effective after July 1, 2009 and February 25, 2010.  (TAC ¶ 76.)  Plaintiffs claim that these publicly filed documents contradict Defendants' allegations that they became the owners of Plaintiffs' Notes and DOTs prior to January 1 2007, the closing date of the securitization transactions involving the four trusts.  (TAC ¶¶ 74- 80.)

Defendants moved to dismiss the TAC, arguing that Deutsche as Trustee possesses Plaintiffs' original Notes and original DOTs and that the Notes were endorsed in blank.  Thus, Defendants argued, Deutsche was the "holder" of the Notes and DOTs, and was entitled to enforce both, regardless of any "irregularities" in how the Notes and DOTs were conveyed.  In its Opinion, the Court held that "arguments as to who possesses Plaintiffs' Notes and DOTs are not properly considered in [Rule 12(b)(6)] motion practice, regardless of their merit," and denied the motion to dismiss because Defendants' motion was "almost entirely premised on such arguments."  (Opinion at 5.)  While Defendants do not challenge the Court's decision with respect to the Trustee's possession of Plaintiffs' Notes and DOTs, they now argue that the Court overlooked several of Defendants' arguments that were not related to whether the Trustee physically possessed the Notes and DOTs.

D<small>ISCUSSION</small>

A motion for reconsideration under Local Rule 6.3 is evaluated under the same standard as an application to alter or amend a judgment under Fed. R. Civ. P. 59(e). Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003).  Such a motion is neither an opportunity for the movant to take a "second bite at the apple," Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008), nor "a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).  Rather, the party moving for reconsideration bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted).  Here, the Court finds that Defendants have met their burden.

In the TAC, Plaintiffs assert the following arguments as to why Defendants do not own Plaintiffs' Notes and DOTs: 1) the Notes and DOTs are missing endorsements and originals of intervening assignments that are contractually required by the PSAs that govern the four trusts; and 2) publicly filed assignments of deeds of trust and notes from First Franklin to Deutsche contradict the terms of the PSAs.[2]  Defendants point out -- accurately -- that, in

---

[2]  Plaintiffs also argue that the mortgage loan schedules attached to the PSA and the MLPA for the 2006-FF11 Trust do not reflect the Plaintiffs' loans (specifically, the loans of Plaintiffs Rajamin and Larios).  This is incorrect.  In connection with their motion to dismiss the TAC, Defendants submitted a version of the mortgage loan schedule for the 2006-FF11 Trust that *does* identify the loans of Plaintiffs Rajamin and Larios.  (April 8 Affidavit of Ronaldo Reyes in Support of Defendants' Motion to Dismiss Third Amended Complaint, Apr. 8, 2011, ECF No. 31, Exh. 1) (hereinafter "Apr. 8, 2011 Reyes Aff.").  Plaintiffs' argument that the Apr. 8, 2011 Reyes Affidavit is hearsay is meritless -- Mr. Reyes based the affidavit upon his

denying their motion to dismiss the TAC, the Court overlooked their dispositive argument that Plaintiffs lack standing to allege that Defendants do not own the Notes and DOTs based on non-compliance with the terms of the PSAs.

Plaintiffs do not claim to have been parties to the PSAs, and none of the PSAs includes provisions indicative of party status for borrowers or mortgagors. The weight of caselaw throughout the country holds that a non-party to a PSA lacks standing to assert non-compliance with the PSA as a claim or defense unless the non-party is an intended (not merely incidental) third party beneficiary of the PSA. See Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 717 F. Supp. 2d 724, 736-37 (E.D. Mich. 2010) ("for over a century, state and federal courts around the country have [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment"), aff'd, 399 F. App'x 97 (6th Cir. 2010); see also In re Walker, 466 B.R. 271, 284-85 (Bankr. E.D. Pa. 2012) ("In the past two (2) years, numerous courts have held that a borrower lacks standing to challenge a securitized trust's authority to enforce a loan note and mortgage based on purported violations of the underlying PSA"). The intent to render a non-party a third-party beneficiary must be clear from the face of the PSA. See, e.g., Kelly v. Deutsche Bank Nat. Trust Co., 789 F. Supp. 2d 262, 267-68 (D. Mass. 2011) (borrower lacked standing to challenge defendant's authority to foreclose

---

own personal knowledge and files maintained by Deutsche, and affirmed that the redacted Mortgage Loan Schedule was a true and correct copy of the Schedule delivered to Deutsche in connection with the MLPA and PSA for the 2006-FF11 Trust. (Id. ¶¶ 1-4.) In addition to the mortgage loan schedule for the 2006-FF11 Trust, Defendants have also submitted schedules for the 2005-FF8 Trust (identifying the loan of Plaintiff Nunez); the 2006-FF3 Trust (identifying the loans of Plaintiffs Kegel and Valdez); and the 2006-FF13 Trust (identifying the loans of Plaintiffs Doty and Basel and Plaintiffs Elias and Irma Estrada). (May 6, 2011 Reply Affidavit of Ronaldo Reyes in Further Support of Defendants' Motion to Dismiss the Third Amended Complaint, Exhs. A-C).

because borrower was "neither a party to the PSA nor an intended third-party beneficiary" and had not shown "with special clarity that the contracting parties intended to confer a benefit on him"); Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 625-26 (S.D. Tex 2010) (borrower could not bring wrongful foreclosure claim based on breach of PSA because he was "not a party to this agreement and did not become a party, agent or assignee of a party, or a third-party beneficiary of the agreement, [simply] because his loan was 'bundled' and sold or transferred under this agreement"). Plaintiffs have not alleged any facts that would support plausibly a claim that they are intended third-party beneficiaries of the PSAs. Thus, Plaintiffs lack standing to challenge Defendants' alleged ownership of the Notes and DOTs or authority to foreclose based on non-compliance with the PSAs.

Plaintiffs' second argument -- while styled as one arising from conflicting assignments -- fails for substantially the same reasons. Defendants allege that they obtained their ownership interest in Plaintiffs' Notes and DOTs, pursuant to the PSAs, prior to January 1, 2007. But in the TAC, Plaintiffs allege that publicly filed written assignments from First Franklin to Deutsche were made several years after Deutsche claims to have obtained the Notes and DOTs via the PSAs. Plaintiffs assert that these conflicting assignments raise a question as to Deutsche's ownership of the Notes and DOTs, because the securitization trusts closed prior to January 1, 2007, and any subsequent assignments would have violated the PSAs. The thrust of this claim, however, is still non-compliance with the terms of the PSAs and, for the reasons stated above, it is an argument that Plaintiffs do not have standing to raise. See, e.g., Abubo v. Bank of New York Mellon, No. 11-00312, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011) (Plaintiffs lacked standing to challenge foreclosure based on allegation that assignments were invalid as being made to closed securitization trust in violation of PSA). The TAC alleges no

other facts sufficient to state plausibly a claim that Defendants do not own and hold Plaintiffs' Notes and DOTs and are not entitled to receive payments pursuant to those documents.

Plaintiffs' unjust enrichment and "equity and good conscience" arguments are similarly founded on alleged noncompliance with the PSAs. Because Defendants' arguments as to Plaintiffs' lack of standing are sufficient to warrant dismissal of the TAC, the Court need not address the other arguments raised in either the Motion for Reconsideration or the Motion to Dismiss the TAC. The TAC thus fails to state a claim upon which the relief Plaintiffs seek may be granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is granted and Plaintiffs' TAC is dismissed for failure to state a claim. This Memorandum Opinion and Order resolves docket entry no. 58. The Clerk of Court is respectfully requested to enter judgment dismissing the Third Amended Complaint and close this case.

SO ORDERED.

Dated: New York, New York
        March 27, 2013

                                          /S
                                    LAURA TAYLOR SWAIN
                                    United States District Judge